IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD EDWARDS,**

    **Petitioner,**                   CASE NO. 2:10-CV-849
                                          CRIM. NO. 2:99-CR-133
**v.**                                           JUDGE ALGENON L. MARBLEY
                                          MAGISTRATE JUDGE E.A. PRESTON DEAVERS
**UNITED STATES OF AMERICA,**

    **Respondent.**

### ORDER

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2241. This matter is before the Court pursuant to its own motion to consider the sufficiency of the petition. For the reasons that follow, the undersigned finds that the Court should **TRANSFER** this case to the United States District Court for the Northern District of Ohio, Eastern Division.

Petitioner does not challenge this Court's imposition of sentence, but asserts that the Bureau of Prisons refuses to give him credit for the time he served on related convictions in the Franklin County Court of Common Pleas. The sentencing transcript, as well as the Judgment Entry of Sentence indicate that the Court imposed 180 months imprisonment, such sentence to run concurrently to the sentences previously imposed in case numbers 99CR-03-1278 and 99CR-06-3136 by the Franklin County Court of Common Pleas. (*See* Doc. No. 41; Doc. No. 46., *Sentencing Transcript*, at 17.) Because Petitioner challenges the execution, rather than imposition of sentence, his motion is properly brought in the federal district court having jurisdiction over his custodian. *Barnes v. Booker*, 116 Fed. Appx. 560, 561 (6th Cir. 2004) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)) ("If a petitioner seeks to challenge the execution of his sentence, he

may file a § 2241 petition in the district court having jurisdiction over his custodian."); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) ("claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241."); *see also United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991) (holding that 28 U.S.C. § 2241, and not Section 2255, applied to a prisoner challenging the execution of his sentence). The record reflects that Petitioner is currently detained at the Federal Correctional Institution in Elkton which is located within the Northern District of Ohio. Therefore, the Court finds that this case should be **TRANSFERRED** to the United States District Court for the Northern District of Ohio, Eastern Division.

Under the provisions of 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

**IT IS SO ORDERED.**

November 1, 2010   /s/ *Elizabeth A. Preston Deavers*
  Elizabeth A. Preston Deavers
  United States Magistrate Judge