UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD EDWARDS, | ) | CASE NO.  4:10CV2504 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| -vs- | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OF OPINION |
| | ) | AND  ORDER |
| | ) | |
| Respondent. | ) | |

       In 2010, *pro se* Petitioner Ronald Edwards filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Ohio. *See Edwards v.  United States*, No.  2:10cv0849 (S.D. Ohio filed Sept. 22, 2010). Petitioner was incarcerated within the geographical reach of the Southern District Court of Ohio until some time in October 2010, when he was transferred to the Federal Correctional Institution in Elkton, Ohio (F.C.I.  Elkton).

       Upon initial review of the Petition, Magistrate Judge E.A. Preston Deavers determined the Court lacked personal jurisdiction over Petitioner's custodian.  As such, she issued an Order on November 1, 2010 transferring the case to the Northern District Court of Ohio.  The matter was subsequently filed in this Court under the above-captioned case number.

*Background*

Petitioner was named in a 16 Count Indictment in the United States District Court for the Southern District of Ohio in 1999. *See United States v. Edwards*, No. 2:99cr0133 (S.D. Ohio 1999). A Superseding Indictment was issued on November 18, 1999 charging Petitioner with 18 Counts. He entered a not guilty plea, which he later withdrew on March 3, 2000. After pleading guilty to several Counts in the Superseding Indictment, Petitioner was sentenced on March 13, 2001 to concurrent 60 months sentences for Counts 1s, 3s, 5s, 7s 9s, 11s, 13s, 15s, and 17s. For Counts 16s and 18s, the Court imposed consecutive 60 months terms for each Count, to run consecutively to each other as well to all other Counts. Finally, the Court ordered Petitioner's federal sentence to run concurrent to two unexpired state sentences imposed in the Franklin County Court of Common Pleas; namely, 99CR-03-1278 & 99CR-06-3136. *See id.*, No. 2:99cr0133, at Dkt# 40.

*Analysis*

Beyond these facts, Petitioner does not provide a clear outline of how the BOP has improperly executed his sentence. He alludes to being placed in a state prison and claims his federal sentence should have continued, uninterrupted, during that time. Petitioner does not disclose whether this period in state prison was before his federal sentence was imposed or whether he was already provided credit against his state sentence for credit he may now be seeking on his federal sentence. Instead, he simply claims that because his federal sentence was imposed to run concurrently with an undischarged

> "term of prior sentence resulting from offense fully taken into account in determination of the offense level for the instant offense, court should adjust for any term of imprisonment already served as a result of the conduct taken into account <u>is a matter for the decision of the district court, not the Bureau of</u>

Prisons."

(Pet. at 6)(emphasis in original). Under this scenario, Petitioner believes the Court should consider his request pursuant to §5G1.3 of the Sentencing Guidelines. He asserts he is entitled to an adjustment of his federal sentence for "time served."

Finally, Petitioner admits he has not exhausted his administrative remedies. He claims he has had many contacts with prison officials, who are "steadfast against the petitioner and therefore that need for this petition to the courts is the only way for development in the upcoming mentioned problem." (Pet. at 2.)

### *Exhaustion*

Federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir.1981). "Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 may he then seek § 2241 judicial review. Unlike a PLRA-imposed exhaustion requirement, however, the judicially created administrative remedy exhaustion requirement does permit waiver of further exhaustion in the face of futility. *Aron v. LaManna*, No. 00-3834, 2001 WL 128349 (6th Cir. Feb. 6, 2001) (citing *McKart v. United States*, 395 U.S. 185, 200 (1969) ("petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply"); *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir.1982)).

Resort to administrative remedies is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and*

*Human Services*, 824 F.2d 1132, 1139 (D.C.Cir.1987). Unlike policy decisions or the interpretation of a statute, the issue over which Petitioner is seeking review has not been predetermined. Therefore, he cannot argue futility based on a predetermination. The issue here is driven by Petitioner's assumption that he is entitled to be released earlier than his scheduled date of November 20, 2013. While he has not clearly articulated the basis upon which he is seeking such credit, administrative remedies exist to challenge the BOP's calculation, *see* 28 C.F.R. § 542.10, and there is no reasonable suggestion it would have been futile for Petitioner to pursue his administrative remedies or that those remedies would have been unable to afford him the relief he requests. *See McKart*, 395 U.S. at 200(petitioner must show that the administrative remedy is inadequate or cannot provide the relief requested for exception to the exhaustion requirement to apply); *Goar*, 688 F.2d at 28-29.

## *Conclusion*

Based on the foregoing, this action is dismissed without prejudice based on Petitioner's failure to exhaust his administrative remedies before filing his Petition in this Court. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

    S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

March 31, 2011

---

[1] The statute provides: "An appeal may not be taken in forma pauperis if the trial Court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).